UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


ARDIS JEFFERSON LEE,

                Petitioner,                Case No. 2:12-cv-286

v.                                  Honorable R. Allan Edgar

JEFFREY WOODS,

                Respondent.

_____/


**REPORT AND RECOMMENDATION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

Petitioner, who is represented by counsel in this action, currently is incarcerated in the Chippewa Correctional Facility.  On November 2, 1993, Petitioner pleaded guilty in the Cass County Circuit Court to one count of second-degree murder, MICH. COMP. LAWS § 750.317; and one count of feloneous assault, MICH. COMP. LAWS § 750.82.  In exchange for his plea, the prosecutor dismissed two alternative counts of first-degree murder (premeditated and felony), MICH. COMP. LAWS § 750.316-A, 750.316-B; and two counts of possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b.  The trial court sentenced him on December 17, 1993, to life imprisonment for the murder conviction and one to four years for the assault conviction.  The Michigan Court of Appeals affirmed Petitioner's conviction on June 6, 1995.  Petitioner did not seek leave to appeal in the Michigan Supreme Court.

On September 14, 2009, nearly fifteen years after his conviction was affirmed by the Michigan Court of Appeals, Petitioner filed a motion for relief from judgment in the Cass County Circuit Court.  The trial court denied the motion following a hearing on January 25, 2010.  The Michigan Court of Appeals and the Michigan Supreme Court denied Petitioner's applications for leave to appeal on February 3, 2011 and September 6, 2011, respectively.  The Michigan Supreme Court subsequently denied Petitioner's motion for reconsideration on November 21, 2011.

Petitioner now brings the following grounds for habeas corpus relief:

I.      THE TRIAL COURT JUDGE'S REFUSAL TO ALLOW PETITIONER TO WITHDRAW HIS GUILTY PLEA RESULTED IN AN UNREASONABLE APPLICATION OF FEDERAL LAW, AS THE GUILTY PLEA IS INVOLUNTARY, DUE TO THE FACT THAT IT WAS THE PRODUCT OF AN ILLUSORY PLEA AGREEMENT, AND IS THEREFORE VOID.

II.     THE TRIAL JUDGE'S FINDING THAT THE GUILTY PLEA CONDITIONED UPON A WAIVER OF PETITIONER'S RIGHT TO APPEAL HIS PLEA-BASED CONVICTIONS RESULTED IN AN UNREASONABLE APPLICATION OF FEDERAL LAW BECAUSE THE

PLEA IS INVALID DUE TO THE FACT THAT IT WAS ACCEPTED WITHOUT PETITIONER MAKING A VOLUNTARY, KNOWING, AND INTELLIGENT WAIVER OF THAT RIGHT.

(Br. in Support of Pet. i-ii, docket #1, Page ID##8-9.)

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA).  Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[1]  Section 2244(d)(1) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C.  § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82

---

[1] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

(2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531

U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year

limitations period is measured. Under that provision, the one-year limitations period runs from "the

date on which the judgment became final by the conclusion of direct review or the expiration of the

time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the

Michigan Court of Appeals, which affirmed his conviction on June 6, 1995. Petitioner did not seek

leave to appeal in the Michigan Supreme Court. Where a petitioner has failed to pursue an avenue

of appellate review available to him, the time for seeking review at that level is counted under

§ 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs

from "the date on which the judgment became final by the conclusion of direct review *or the*

*expiration of time for seeking such review*" ) (emphasis added). However, such a petitioner is not

entitled to also count the 90-day period during which he could have filed a petition for certiorari to

the United States Supreme Court. *See Gonzalex v. Thaler*, 132 S. Ct. 641, 655 (2012) (holding that,

because the Supreme Court can review only judgments of a state's highest court, where a petitioner

fails to seek review in the state's highest court, the judgment becomes final when the petitioner's

time for seeking that review expires). Under Michigan law, a party has 56 days in which to apply

for leave to appeal to the Michigan Supreme Court. *See* MICH. CT. R. 7.302(C)(2). Accordingly,

Petitioner's conviction became final on August 1, 1995.

A petitioner whose conviction became final prior to the effective date of the AEDPA,

April 24, 1996, has one year from the effective date in which to file his petition. *Payton v. Brigano*,

256 F.3d 405, 407 (6th Cir. 2001); *Searcy v. Carter*, 246 F.3d 515, 517 (6th Cir. 2001). Petitioner,

therefore, had until April 24, 1997, in which to file his habeas petition.  Petitioner filed the instant petition on July 19, 2012, more than fifteen years after the statute of limitations expired.

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not revive the limitations period or restart the clock; it can only serve to pause a clock that has not yet fully run.  *Payton*, 256 F.3d at 408.  Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.  *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003).  Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations.  *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d at 490).  Because Petitioner's one-year period expired in 1997, his collateral motions filed in 2009 cannot serve to revive the limitations period.  Accordingly, the petition is time-barred.

Petitioner concedes that the one-year statute of limitations has run, but contends that he is entitled to equitable tolling.  The one-year limitations period applicable to § 2254 is subject to equitable tolling.  *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005).  A petitioner bears the burden of showing that he is entitled to equitable tolling.  *See Keenan*, 400 F.3d at 420; *Allen*, 366 F.3d at 401.  The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court.  *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009).  A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights

diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 130 S. Ct. at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner contends that in 2002, after many years of diligently researching his case for arguable legal issues, he "discovered" that his guilty plea was the product of an illusory plea agreement and was based on an involuntary waiver of appellate rights. Petitioner contacted his former appellate counsel, who responded in a letter dated November 27, 2002, that the plea was valid and not subject to attack. Because Petitioner was indigent and lacked legal writing skills, he made several unsuccessful attempts to retain pro bono legal representation. Finally, in 2008, Petitioner's family contacted Attorney Phillip Comorski, who is representing Petitioner in this case. According to counsel, he was unable to accept Petitioner's case until May 2009. Counsel filed Petitioner's motion for relief from judgment four months later. The proceedings on Petitioner's motion for relief from judgment continued until the Michigan Supreme Court denied his motion for reconsideration on November 21, 2011.

In addition, Petitioner argues that the ineffective assistance of his counsel on direct appeal constituted an extraordinary circumstance that prevented him from meeting the one-year filing deadline. According to Petitioner, appellate counsel never informed him of the meritorious plea-based issues later presented in his motion for relief from judgment. Petitioner maintains that "[a] reasonable competent appellate counsel examining the record with a 'trained legal eye' would have identified the meritorious plea-based issues raised in his motion for relief from judgment." (Br. in Support of Pet., docket #1, Page ID##31-32.)

Petitioner fails to meet his burden of showing that he pursued his claims diligently. Petitioner sat on his rights for over a decade after the Michigan Court of Appeals denied his direct

appeal in 1995.  While Petitioner contends that he did not "discover" his claims until 2002, the claims raised in Petitioner's motion for relief from judgment were immediately available to him following his conviction.  *See Pace*, 544 U.S. at 419 (holding that petitioner could not equitably toll the statute of limitations because he did not advance "his claims within a reasonable time of their availability" and he sat "on his rights for years" before filing his state post-conviction relief application).  Even assuming Petitioner could not have discovered his claims until 2002, the seven-year delay until he filed his motion for relief from judgment in 2009 cannot be considered diligent.  Moreover, the fact that Petitioner is untrained in the law, was proceeding without a lawyer until 2008, or may have been unaware of the statute of limitations does not warrant tolling.  *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing.").

Likewise, Petitioner fails to demonstrate that some extraordinary circumstance stood in his way.  Attorney neglect or error generally does not give rise to equitable tolling.  *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).  In *Holland*, the Supreme Court held that while a "garden variety claim of excusable neglect," such as a simple miscalculation of the limitations period, does not warrant equitable tolling, a serious instance of attorney misconduct could rise to the level of an extraordinary circumstance for purposes of equitable tolling.  *Holland,* 130 S. Ct. at 2564.  Petitioner relies upon *Holland*, in which the petitioner's attorney failed to file his petition on time, even though the petitioner repeatedly warned him of the statute of limitations.  The Supreme Court found that the attorney's misconduct "may well" have risen to the level of an extraordinary circumstance and remanded the case for a determination of whether the petitioner was entitled to

equitable tolling. *Id. Holland* is inapposite to this case because Petitioner's claim of ineffective assistance of counsel does not concern his attorney's failure to meet the filing deadline. Rather, Petitioner contends that his appellate counsel was ineffective for failing to identify and raise meritorious legal claims on direct appeal. The type of ineffective assistance alleged in this case does not rise to the level of an "extraordinary circumstance" for purposes of equitable tolling. Petitioner, therefore, is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: August 17, 2012

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).