UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ARDIS JEFFERSON LEE,

    Petitioner,

v.                                          Case No. 2:12-cv-286
                                                HON. R. ALLAN EDGAR

JEFFERY WOODS,

    Respondent.
_____/

**MEMORANDUM AND ORDER**

Ardis Jefferson Lee, a Michigan state prisoner in the custody of the Michigan Department of Corrections, brings a petition for writ of habeas corpus under 28 U.S.C. § 2254. He is imprisoned at the Chippewa Correctional Facility. Lee challenges the validity of the judgment of conviction entered against him on December 17, 1993 in the Circuit Court of Cass County, Michigan.

**I.    Background and Procedural History**

On April 11, 1993, Lee used a handgun to shoot and kill John Anderson. There were two case files in the Michigan court involving the criminal charges against Lee. In Case No. 93-7839, Lee was charged with three criminal offenses. Count One charged him with premeditated murder in the first degree in violation of M.C.L. § 750.316. Count Two charged Lee with felony murder in violation of M.C.L. § 750.316. Count Three charged him with possession of a firearm during the commission of a felony in violation of M.C.L. § 750.227b. After a preliminary hearing, Lee was bound over to the grand jury on all three counts.

1

In the related Case No. 93-7799, Lee was charged with two criminal offenses, felonious assault in violation of M.C.L. § 750.82 and possession of a firearm during the commission of a felony in violation of M.C.L. § 750.227b.

Lee, who was represented by counsel, entered into a plea agreement with the prosecutor. On November 2, 1993, Lee pleaded guilty to one count of second-degree murder in violation of M.C.L. § 750.317 in Case No. 93-7839, and one count of felonious assault in violation of M.C.L. § 750.82 in Case No. 93-7799. In exchange for the guilty plea, the Michigan prosecutor dismissed the other alternative counts of first-degree murder and felony murder along with the remaining two counts of possession of a firearm during the commission of a felony. Pursuant to Lee's guilty plea, the Cass County Circuit Court on December 17, 1993, sentenced him to life imprisonment for the second-degree murder, to be served concurrently with a term of one to four years imprisonment on the felonious assault conviction.

Lee took a direct appeal from the judgment of conviction and sentence of life imprisonment to the Michigan Court of Appeals. On June 6, 1995, the Michigan Court of Appeals issued an unpublished opinion affirming the judgment of conviction and sentence of life imprisonment, and dismissing the direct appeal. [Court Doc. No. 1-2, p. 2]. Lee did not file an application for leave to appeal in the Supreme Court of Michigan. Under Michigan law, Lee's judgment of conviction became final on August 1, 1995, when he did not timely file an application for leave to appeal in the Michigan Supreme Court.

More than fourteen years after his direct appeal was dismissed by the Michigan Court of Appeals, Lee filed a motion in the Cass County Circuit Court on September 14, 2009 seeking collateral relief from the judgment of conviction pursuant to Michigan Court Rules (MCR) 6.502 -

6.508. Lee challenged the validity of his guilty plea and requested that he be allowed to withdraw the guilty plea. On January 25, 2010, the Cass County Circuit Court conducted a hearing on the motion. The Cass County Circuit Court determined that Lee's motion was without merit and denied it pursuant to MCR 6.508(D) on January 25, 2010.

Lee filed a delayed application for leave to appeal in the Michigan Court of Appeals which was denied on February 3, 2011. The Michigan Court of Appeals decided that Lee failed to meet his burden of showing that he was entitled to post-conviction relief under MCR 6.508(D).

Next, Lee filed an application for leave to appeal in the Supreme Court of Michigan which was denied on September 6, 2011. The Michigan Supreme Court likewise decided that Lee failed to meet his burden of showing that he was entitled to relief under MCR 6.508(D). *People v. Lee*, 490 Mich. 858, 802 N.W.2d 59 (2011). The Michigan Supreme Court denied Lee's motion for reconsideration on November 21, 2011. *People v. Lee*, 490 Mich. 915, 805 N.W.2d 186 (2011).

On July 19, 2012, Lee filed his petition for writ of habeas corpus in this United States District Court under 28 U.S.C. § 2254. He pleads two claims or grounds for relief. First, Lee claims that the Cass County Circuit Court's refusal to allow him to withdraw his guilty plea resulted in an unreasonable application of federal law. The first claim is predicated on the theory that Lee's guilty plea was involuntary and void because it was the product of an "illusory" plea agreement. Second, Lee claims the trial judge's finding that the guilty plea conditioned upon Lee's waiver of his right to appeal his convictions results in an unreasonable application of federal law. This second claim is predicated on the theory that Lee's guilty plea is invalid because it was accepted by the trial court without Lee making a voluntary, knowing, and intelligent waiver of his right to take an appeal.

Lee does not raise a claim of actual (factual) innocence on the criminal charges for which

3

he stands convicted based on his guilty plea.

## II. Magistrate Judge's Report and Recommendation

Magistrate Judge Timothy P. Greeley submits his report and recommendation that the habeas petition be denied and dismissed with prejudice on the ground it is time-barred by the one-year statute of limitation in 28 U.S.C. § 2244(d)(1)(A). [Court Doc. No. 5]. Magistrate Judge Greeley correctly analyzes the statute of limitation question. The report and recommendation finds that Lee has failed to meet his burden of showing that he is entitled to equitable tolling. It is further recommended that a certificate of appealablity be denied under 28 U.S.C. § 2253(c)(2) and *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Lee objects to the report and recommendation. [Court Doc. No. 6]. After reviewing the record *de novo*, the Court concludes that Lee's objections are without merit and denied. The Court agrees with and adopts the well-reasoned report and recommendation.

## III. Analysis

It is undisputed that the applicable statute of limitation here is 28 U.S.C. § 2244(d)(1)(A). It provides that a one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. Under § 2244(d)(1)(A), the limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Under Michigan law, Lee's judgment of conviction became final on August 1, 1995.

28 U.S.C. § 2244(d)(1) became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Because Lee was convicted and exhausted his direct appeal in the Michigan Court of Appeals prior to the effective

4

date of AEDPA and § 2244(d)(1), he had a one-year grace period from April 24, 1996 within which to file his habeas petition under 28 U.S.C. § 2254. The grace period ended on April 24, 1997. *Allen v. Yukins*, 366 F.3d 396, 400 (6th Cir. 2004); *McLendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003); *Cook*, 295 F.3d at 520; *Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000); *Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999).

Lee was required to file his 28 U.S.C. § 2254 habeas petition on or before April 24, 1997 which he failed to do. Lee filed his § 2254 habeas petition in this Court on July 19, 2012, which is more than fifteen years after the April 24, 1997 deadline. Consequently, his § 2254 habeas petition is time-barred by the statute of limitation in 28 U.S.C. § 2244(d)(1)(A) absent equitable tolling.

The Court takes into consideration that Lee filed a motion for collateral relief from the judgment of conviction in the Cass County Circuit Court on September 14, 2009 pursuant to MCR 6.502 - 6.508. But that motion does not have any effect or impact on the calculation of the running of the statute of limitation under 28 U.S.C. § 2244(d)(1)(A). The deadline for Lee to timely file his habeas petition in this Court under 28 U.S.C. § 2254 was April 24, 1997, and that deadline expired more than twelve years before Lee filed his motion for post-conviction relief in the Cass County Circuit Court pursuant to MCR 6.502 - 6.508.

28 U.S.C. § 2244(d)(2) provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." The tolling provision in § 2244(d)(2) does not revive the one-year limitation period in § 2244(d)(1)(A) or "restart the clock." Rather, § 2244(d)(2) can only serve to pause a statute-of-limitation clock that has not yet fully run. *Patterson v. Lafler*, 455 Fed. Appx. 606, 608 (6th Cir. 2012); *Payton v.*

5

*Brigano*, 256 F.3d 405, 408 (6th Cir. 2001).  Once the one-year limitation period in 28 U.S.C. § 2244(d)(1)(A) has expired, any motions or petitions for collateral post-conviction relief filed by Lee in the Michigan state courts cannot serve to toll or avoid the statute of limitation provided in 28 U.S.C. § 2244(d)(1).  *Allen*, 366 F.3d at 401; *Vroman*, 346 F.3d at 598, 602 (6th Cir. 2003); *McClendon*, 329 F.3d at 493; *Payton*, 256 F.3d at 408.

In sum, the deadline for Lee to file his § 2254 habeas petition was April 24, 1997.  He missed the deadline.  Lee filed his § 2254 habeas petition on July 19, 2012 which is more than fifteen years after the April 24, 1997 deadline.  Consequently, the habeas petition is time-barred by the statute of limitation in 28 U.S.C. § 2244(d)(1)(A).

Lee argues that he is entitled to equitable tolling.  28 U.S.C. § 2244(d)(1) is not jurisdictional and is subject to equitable tolling.  *Holland v. Florida*, 130 S.Ct. 2549, 2560-62 (6th Cir. 2010); *Hall v. Warden, Lebanon Correctional Institution*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 587-88 (6th Cir. 2009); *Souter*, 395 F.3d at 588.  The Sixth Circuit cautions that equitable tolling relief should be granted sparingly.  *Patterson*, 455 Fed. Appx. at 608; *Robertson*, 624 F.3d at 784; *Sherwood*, 579 F.3d at 588; *Cook*, 295 F.3d at 521.

Lee bears the burden of showing that he is entitled to equitable tolling.  *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011); *Robertson*, 624 F.3d at 784; *Jagodka v. Lafler,* 148 Fed. Appx. 345, 347 (6th Cir. 2005); *Allen*, 366 F.3d at 401; *McClendon*, 329 F.3d at 494.  The Court agrees with the report and recommendation that equitable tolling is not warranted in this case.  Lee fails to show that he is entitled to equitable tolling.

The doctrine of equitable tolling allows federal courts to toll a statute of limitation when

6

a litigant's failure to meet a mandated deadline unavoidably arose from circumstances beyond his control. *Robertson*, 624 F.3d at 783; *McSwain*, 287 Fed. Appx. at 456; *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000). To obtain equitable tolling, Lee bears the burden of showing that: (1) he has been diligently pursuing his rights; and (2) some extraordinary circumstance beyond his control stood in his way which prevented him from filing the habeas petition. *Holland*, 130 S.Ct. at 2562; *Lawrence*, 549 U.S. at 335-36; *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Patterson*, 455 Fed. Appx. 608-09; *Hall*, 662 F.3d at 749-50; *Ata*, 662 F.3d at 741; *Robertson*, 624 F.3d at 784.

Lee cannot satisfy either of these essential elements for equitable tolling. The record establishes that Lee did not diligently pursue his rights in a timely manner. There is no extraordinary circumstance beyond his control that stood in his way and prevented him from timely filing his habeas petition under 28 U.S.C. § 2254. Lee's allegations and arguments to the contrary are entirely without merit.

Although Lee is a prisoner who is untrained in the law, this does not warrant equitable tolling. Ignorance of the law is not a valid reason for equitable tolling, even for imprisoned *pro se* habeas petitioners. *Allen,* 366 F3d at 403-04; *Craig,* 227 Fed. Appx. at 482; *Harvey,* 179 Fed. Appx. at 299-300; *Jagodka*, 148 Fed. Appx. at 347; *Griffin v. Rogers* , 399 F.3d 626, 637 (6th Cir. 2005); *Winkfield v. Bagley*, 66 Fed. Appx. 578, 583 (6th Cir. 2003).

The statute of limitation in 28 U.S.C. § 2244(d)(1) may also be equitably tolled when a habeas petitioner makes a credible claim of actual innocence based on new reliable evidence.

7

*Patterson*, 455 Fed. Appx. 608-09; *Connolly v. Howes*, 304 Fed. Appx. 412, 417 (6th Cir. 2008); *McSwain v. Davis,* 287 Fed. Appx. 450, 458-59 (6th Cir. 2008); *Knickerbocker v. Wolfenbarger*, 212 Fed. Appx. 426, 431-32 (6th Cir. 2007); *Harvey v. Jones,* 179 Fed. Appx. 294, 297-98 (6th Cir. 2006); *Souter*, 395 F.3d at 589-90. There is a very stringent standard for establishing a credible claim of actual innocence. Actual innocence means factual innocence, not mere legal insufficiency or legal innocence. *Bousley v. United States,* 523 U.S. 614, 623 (1998); *Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Patterson*, 2012 WL 48186, at * 3; *Connolly*, 304 Fed. Appx. at 417; *Harvey,* 179 Fed. Appx. at 299; *Souter*, 395 F.3d at 590.

In the present case, Lee does not argue that he is entitled to equitable tolling based on actual innocence. Instead, he focuses his argument on the traditional equitable tolling principles discussed *supra*.

**IV.** **Conclusion**

Lee's objections to the report and recommendation [Court Doc. 6] are without merit and DENIED. The Court ACCEPTS and ADOPTS the report and recommendation pursuant to 28 U.S.C. § 636(b)(1) and W.D. Mich. LCivR 72.3(b). The petition for writ of habeas corpus brought under 28 U.S.C. § 2254 is DENIED and DISMISSED WITH PREJUDICE on the ground that it is time-barred by the one-year statute of limitation in 28 U.S.C. § 2244(d)(1)(A). Lee' request for an evidentiary hearing is DENIED.

If Lee files a notice of appeal, it will be treated as an application for a certificate of appealability which shall be **DENIED** pursuant to 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1); and *Slack*, 529 U.S. at 484. Reasonable jurists could not find that this decision to dismiss the habeas petition on the ground it is time-barred the statute of limitation in 28 U.S.C. § 2244(d)(1)(A) is

8

debatable or wrong.

A separate judgment will enter.

SO ORDERED.

Date: February 22, 2013.


                                         */s/   R. Allan Edgar*
                                         R. ALLAN EDGAR
                                         UNITED STATES DISTRICT JUDGE